(May 10, 1894.)

## CITY OF GENESEE v. LATAH COUNTY.

### [36 Pac. 701.]

ROAD TAX—COUNTY COMMISSIONERS MUST LEVY—WHEN COLLECTED TO BE PAID INTO COUNTY TREASURY.—Boards of county commissioners must levy a road tax on all property in the county for road purposes, which, when collected, must be turned over to the county treasurer.

SAME—WHERE EXPENDED.—Twenty-five per cent of the property road tax must be expended for road purposes in the road district where collected.

ROAD DISTRICTS OF TOWNS AND VILLAGES.—Incorporated towns and villages as separate road districts are under the exclusive jurisdiction and control of the trustees thereof.

County Treasurers—Duty as to Road Tax.—County treasurers must hold twenty-five per cent of the property road tax levied and collected by the county within the corporate limits of towns and villages for their use, to be paid over on proper demand.

County Commissioners cannot Interfere with Highways of Town.—Boards of county commissioners cannot authorize county road overseers to build, repair or in any way interfere with the highways of an incorporated town or village.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Plaintiff in Error.

Section 887 of the Revised Statutes of Idaho creates each city in the state a separate road district and confers upon the city council the same powers and enjoins the performance of the same duties imposed upon the board of county commissioners. A municipality may be incorporated under a general law and not by a special charter; yet, when incorporated thereunder, the general act constitutes, and has the same effect, as though specially granted by the legislature. (15 Am. & Eng. Ency. of Law, 911.) A municipality may be estopped by action of its proper officers. (*Chicago v. Sexton,* 115 Ill. 230, 2 N. E. 263; *Martell v. East St. Louis,* 94 Ill. 67; *Roby v. Chicago,* 64 Ill. 447; *Chicago R. R. Co. v. Joliet,* 79 Ill. 39; *Logan Co. v. Lincoln,* 81 Ill. 156.) Section 6, article 7 of the constitution of Idaho is an inhibition on the legislative branch of the state government from imposing taxes on any municipal corporation of the state, and to such municipal corporation is given the sole and absolute power to "assess and collect taxes for all purposes of such corporation." (*San Francisco v. London etc. Ins. Co.,* 74 Cal. 113, 5 Am. St. Rep. 425, 15 Pac. 380; *People v. Parks,* 58 Cal. 624, 644; *Martin v. Aston,* 60 Cal. 63; *Ex parte Wolters,* 65 Cal. 269, 3 Pac. 894; Cooley on Taxation, 2d ed., 692, and authorities cited in note 2.) Latah county in the years 1891 and 1892 collected a two mill property road tax from the inhabitants of the town of Genesee, and turned the same into the treasury of Latah county to the credit of the general road fund. An action to recover as for money had and received, is the proper remedy to recover the back tax. (*Jefferson*

*School Township v. School Town of Worthington,* 5 Ind. App. 586, 32 N. E. 807; Cooley on Taxation, 815.)

George M. Parsons, Attorney General, for Latah County.

The city of Genesse is not the real party in interest and cannot maintain this proceeding. (Rev. Stats., sec. 4090.) A county cannot be made a party in an appeal from an order of a board of county commissioners. (*Gorman v. County Commissioners,* 1 Idaho, 627.) The tax levied by the board of county commissioners is a general tax for general road purposes, and it is not levied for the benefit of districts, but for the benefit of the entire county. (Rev. Stats., sec. 882.) The "road tax" as provided for in sections 882 and 886 is not a tax for town or city purposes, but for county purposes—for the roads and highways of the entire county. The board of county commissioners have control of the public roads, and "to levy such tax therefor as authorized by law." (Rev. Stats., sec. 1759, subd. 4, sec. 870, subd. 7, as amended; 1st Sess. Laws, p. 191.) The city council or trustees have authority to levy a tax for general revenue purposes only. (Rev. Stats., sec. 2238, as amended; 1st Sess. Laws, p. 159.)

The county of Latah levied and collected a property road tax in the town of Genesee, in said county, in and for the years 1891 and 1892. The said town or city of Genesee was during said years a regularly organized municipal corporation under the laws of Idaho. None of said tax so collected was ever expended in said town of Genesee, nor paid over by the county to any person for the use and benefit of the streets of said town. The town of Genesee presented an account to ·the board of county commissioners of said county for twenty-five per cent of said tax so collected. The commissioners refused to issue a warrant therefor. Appeal was taken to the district court of said town, where action of board of commissioners was approved and affirmed. Thereupon, said cause was brought to this· court for review. Reversed.

MORGAN, J. (After Stating the Facts.)—Section 886 of the Revised Statutes provides that county commissioners shall levy road tax on all property in the county for road purposes. This includes property of towns and villages. The tax so levied and

collected was to be turned over to county treasurer for the use of the road districts from which it was collected. The latter clause was changed by amendment in First Session Laws of 1890-91, page 192, by virtue of which this fund now goes into the county treasury for use of the road fund. This does away with the provision that money must be applied in district from which it is collected. That subdivision 6 of section 870, as amended in First Session Laws, page 190, requires that twenty-five per cent of the funds so collected in any road district must be expended in the district where collected. Section 6 of article 7 of the constitution, referred to by counsel, does not affect the rights of the respective parties to this suit in any way. This section simply prohibits the legislature from making a direct levy of taxes, but states that it may authorize the corporate authorities of municipal corporations to levy such taxes. By subdivision 7 of section 870 of the Revised Statutes of Idaho, and as amended in First Session Laws, pages 190, 191, approved March 13, 1891, the county commissioners are given the exclusive right to levy a property road tax. This authority was so conferred in the face of the act of same session (page 159) approved March 7, 1891, which amended section 2238 of the Revised Statutes, and which confirmed, in towns and villages, the right to levy and collect taxes for general revenue purposes. These acts are not repugnant or conflicting, but, construed together, mean that county commissioners shall levy all property road tax, and that town and village trustees may levy and collect, as is said, taxes for general revenue purposes; and this must be held not to include a property road tax, as authorized to be levied by county commissioners. It follows, then, that the county commissioners must levy and collect a property road tax; that twenty-five per cent at least of this road tax must be expended in the district from which it is collected. Where a town or village is a separate road district, it must be so expended in said town or village.

Section 2230, subdivision 16 of the Revised Statutes, gives towns and villages the right to keep in repair all highways, streets, and alleys; and, as two different boards cannot exercise the same power in the same jurisdiction at the same time, this right must be held to be exclusive. If exclusive, then the

boards of commissioners cannot authorize its road overseer, or any road overseer, to go within the limits of any organized town or village to repair, or in any way interfere with, its streets or alleys. It necessarily follows that the county treasurer must hold the said twenty-five per cent of the property road tax so levied and collected as money had and received for the use of said town or village, to be paid to said town or village on proper demand. The presentation of the account for said twenty-five per cent to the county commissioners is a sufficient demand.

Inasmuch as there is no power in the board of commissioners to direct the expenditure of said money in said town of Genesee, and as all work on streets and alleys of the town of Genesee must be directed and controlled by the trustees of said town, the said county commissioners should turn over said money to said town, and should issue a warrant therefor to the treasurer of the town of Genesee.

The judgment of the court below is reversed, and said court is directed to issue an order to the board of county commissioners of Latah county, directing them to issue a warrant to the treasurer of town of Genesee for twenty-five per cent of property road tax collected by said county upon property situated within the corporate limits of the town of Genesee, in said county.

Huston, C. J., and Sullivan, J., concur.