(January 6, 1904.)

# VILLAGE OF MOUNTAINHOME v. ELMORE COUNTY.

[75 Pac. 65.]

ROAD TAX—CLAIM BY MUNICIPALITY—PRESENTATION—STATUTE OF LIMITATION.

1. *Held*, that section 1773, Revised Statutes, which provided that "The board of county commissioners must not hear or consider any claim in favor of an individual against the county unless an account properly made out, giving all items of the claim, duly verified as to its correctness, and that the amount claimed is justly due, is presented to the board within a year after the last item of the account accrued," does not apply to a municipality which claims twenty-five per cent of the road taxes collected against property situated within its corporate limits, and that such tax should be paid over by the county without the presentation of a claim therefor.

2. Where a county is by law made the instrument for the levy and collection of taxes for road purposes to be used by a municipality upon the roads and highways within its corporate limits, it is held that the statute of limitations does not begin to run against such municipality until demand is made for the payment of such taxes, or until the municipality has notice of the refusal of the county to pay the same or that it claims such money in its own right.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, Elmore County. Honorable Lyttleton Price, Judge.

Claim was presented by the village of Mountainhome against the county of Elmore for twenty-five per cent of the road taxes collected against property situated within the corporate limits of the village, and the claim was disallowed by the board of commissioners, from which order the village appealed to the district court. Judgment rendered and entered in the district court in favor of the village, from which judgment the county appealed to this court. Judgment affirmed.

The facts are stated in the opinion.

E. M. Wolfe, for Appellant.

There are two questions involved in this appeal: 1. That is, that all claims that were not filed and presented to the board within one year after they accrued are barred under section 1605, Political Code of 1901.    (See *Nelson v. Merced County,* 122 Cal. 644, 55 Pac. 421.)    2. That the claim of 1898 is barred by the statute of limitations.    (Code Civ. Proc., sec. 3132.)    The court found that said road taxes were collected by the county in January of each year for the preceding year.    All taxes collected more than three years prior to the date of presentation to the board are barred by the statute.    We contend that this is an action based "upon a liability created by statute, other than a penalty or forfeiture."    If they have any claim at all, it is under section 1145, Political Code, and section 870, Revised Statutes of Idaho.    The statute began to run at the next quarterly meeting after the taxes were collected.    (Pol. Code, sec. 1640.    See, also, *Board of County Commrs. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *People ex rel. Dunn v. Van Ness,* 76 Cal. 121, 18 Pac. 139.)    That it is an action upon a liability created by statute, see *Higby v. Calaveras County,* 18 Cal. 176.    "The obligation of a county to pay its proportion of state tax is a liability created by statute."    (*State v. Baker County,* 24 Or. 141, 33 Pac. 530; *Bannock County v. Bell,* 8 Idaho, 1, 101 Am. St. Rep. 140, 65 Pac. 710; *Canyon County v. Ada County,* 5 Idaho, 686, 51 Pac. 748.) .

W. C. Howie, for Respondent.

Appellant claims: 1. That all the claims are barred by section 1605, Political Code; 2. That the claim of 1898 is barred by section 3132, Code of Civil Procedure.    That these claims are not the kind of claims referred to in section 1605 is clearly shown in *Genesee v. Latah Co.,* 4 Idaho, 141, 36 Pac. 701, and by all the subsequent cases cited by appellant, so the judgment of the lower court must be affirmed so far as it affects the bills for 1899 and 1900.    Is the claim for 1898 barred by section 3132?    Let us first examine the nature of this claim in the light of the decision in *Genesee v. Latah Co., supra.*    "The county treasurer must hold the said twenty-five per cent of the prop-

erty road tax so levied and collected as money had and received for the use of said town or village, to be paid to said town or village, on proper demand." Then this money is held in the nature of an express trust. (1 Pomeroy's Equity Jurisprudence, sec. 155, and note 2; 2 Pomeroy's Equity Jurisprudence, secs. 1010-1014.) Again, this is not a matter as to private actions or in the nature of a private action, but as to a governmental function—the keeping up of the highways. That in express trusts the statute does not begin to run till a disavowal of the trust by demand and refusal, see *Peterson v. Taylor* (Cal.), 33 Pac. 436; *Wright v. Ross,* 36 Cal. 414 (see pp. 415, 419, 421, and especially pp. 432, 433); 19 Am. & Eng. Ency. of Law, 187; *Fremont Co. v. Brandon,* 6 Idaho, 482, 56 Pac. 264; *Elmore County v. Alturas Co.,* 4 Idaho, 145, 95 Am. St. Rep. 53, 37 Pac. 349; *Taylor v. United States,* 14 Ct. of Cl. 339; *Harrison v. United States,* 20 Ct. of Cl. 175; *Miller v. Board of Supervisors,* 68 Miss. 88, 8 South. 269.

AILSHIE, J.—On July 12, 1902, the village of Mountainhome, a municipal corporation organized under the laws of this state, filed with the clerk of the board of county commissioners of Elmore county four several claims against the county for twenty-five per cent of the road taxes collected by the county for the years 1898, 1899, 1900 and 1901, from property situated within the corporate limits of the village. This demand for twenty-five per cent of the road tax collected within the corporated limits of the village was made under the provisions of subdivision 6 of section 870 of the Revised Statutes as amended February 7, 1899 (Session Laws of 1889, page 127), as construed and interpreted by this court in *City of Genesee v. Latah County,* 4 Idaho, 141, 36 Pac. 701. The board of commissioners on the fifteenth day of October, 1902, allowed the claim of the village for the year 1901 and disallowed the claims for the three preceding years. This disallowance seems to have been made under the provisions of section 1773 of the Revised Statutes, which provides that "The board of commissioners must not hear or consider any claim in favor of an individual against the county unless an account properly made out, giving all items of the claim, duly verified as to its cor-

rectness, and that the amount claimed is justly due, is presented to the board within a year after the last item of the account accrued." The village appealed from this order to the district court where the matter was heard by the district judge, and findings of fact and conclusions of law were made, and thereupon judgment was entered in favor of the village and directing the board of commissioners to draw their warrants for the amount claimed by the village for the three years covered by its demand. From that judgment the county has appealed to this court.

The first contention made by appellant is that the village not having presented its claim under the provisions of section 1773, *supra,* within one year after the collection of the tax by the county, it was too late, and that an action cannot be maintained for the collection thereof. We cannot agree with this contention. In the first place the statute says that the "commissioners must not hear or consider any claim in favor of an *individual* against the county" unless the same be presented within one year. The claimant in this case was not an *individual,* but, on the contrary, is a municipality of this state. But waiving this point, the claim here is clearly not such a claim against the county as contemplated in the foregoing section, and for which a regularly itemized and verified claim shall be presented before a payment can be made. It was the duty of the county to pay at least twenty-five per cent of these road taxes as soon as collected to the proper village authorities, and although the statute prescribes no specific time at which the same shall be paid, it was clearly the duty of the county, under the statutes of this state and the authority of *City of Genesee v. Latah County,* to pay over such money whenever collected to the municipal authorities, so that the same might be applied upon the highways within the village limits. Section 887, Revised Statutes, as amended February 14, 1899 (Session Laws of 1899, page 270), constitutes each city or village within the state a separate road district, and gives to the municipal authorities the exclusive control over the highways within their corporate limits. (See *City of Genesee v. Latah County, supra,* and *Carson v. City of Genesee, ante,* p. 244, 74 Pac. 862.)

While it is necessary to make a demand for the payment of these moneys before an action can be maintained, as said in *City of Genesee v. Latah County,* we do not understand this a demand necessary under section 1773, *supra,* in order to enable the board to allow the claim, and the remark made in that case that the presentation of the account was a sufficient demand was an incidental observation to the effect that it is necessary for some kind of demand to be made before the commencement of the action.

The next and most serious contention made by the appellant is that the claim for the year 1898 is barred by the provisions of subdivision 1 of section 4054 of the Revised Statutes, which provides that an action must be commenced within three years after the right of action accrues, where it is sought to recover "upon a liability created by statute other than a penalty or forfeiture." It is seriously urged by appellant that respondent's claim is a, "liability created by statute," and that in order to recover the action must have been commenced within three years from the time the tax was collected. If this is the proper construction to be placed upon this statute as applied to the present action—and we express no opinion as to that—the important question will then arise as to when the statute begins to run in such cases. After a very careful examination of our statutes and the authorities bearing upon the question, we are convinced that the statute in such cases does not begin to run until a demand has been made upon the county by the municipality for its share of the money collected, or until the municipality has notice of the refusal of the county to pay, or that it claims the money in its own right. The county is the mere agent or trustee for the municipality in the collection of these taxes. The duty imposed upon the county by law is to levy and collect the taxes and to pay over to the municipal authorities at least twenty-five per cent thereof; they may pay any greater sum which they deem proper and necessary, but they are specifically directed by statute to pay *at least* twenty-five per cent thereof. It is at once apparent that to the extent of twenty-five per cent of such funds the county has absolutely no claim or right, and that it is merely the agency provided by law for the levy and

collection of such tax. If, then, the county is the agent or trustee of the municipality for the collection of this specific revenue and for this specific purpose, the statute of limitation cannot begin to run against the municipality until demand has been made therefor or the agent has refused to pay. In 19 American and English Encyclopedia of Law, second edition, at page 187, the author says: "As long as the relation of principal and agent continues there is a privity between the parties, and there is nothing to set the statute in operation as to claims and accounts between them. The position of the agent is that of a trustee, as claims against him are governed by a rule similar to that controlling trustees. The assertion by the agent of an adverse right, or his failure to discharge a duty to his principal arising out of his agency, does not set the statute in motion until called to the attention of the principal, or until he knows, or with reasonable diligence might have known, thereof."

We therefore hold: 1. That it was not necessary for the respondent to file its claim with the board of commissioners within one year after the taxes were collected, and that section 1773 of the Revised Statutes does not apply in such cases; 2. That the statute of limitations did not, in this case, begin to run against the village until demand was made for payment.

The judgment of the trial court is affirmed, with costs to respondent.

Sullivan, C. J., and Stockslager, J., concur.