Points Decided.

(No. 4801.   November 16, 1927.)

## BLAINE COUNTY, a Municipal Corporation, Appellant, v. BUTTE COUNTY, a Municipal Corporation, Respondent.

[261 Pac. 338.]

STATUTE OF LIMITATIONS—COUNTIES—DEMAND—STATUTORY LIABILITY.

1.  C. S., sec. 6618, providing that limitations apply to actions brought in name of state, or for state's benefit, in same manner as to actions by private citizens, applies equally to counties of state.

2.  Where, under Laws 1917, chap. 98, creating Butte county, provision was made for complete apportionment and settlement of accounts between counties and filing of statement with commissioners of each county, which became final and binding, since no relation of agency or trust existed between counties, no demand was necessary for amount due thereon, to start running of three-year limitation of C. S., sec. 6611.

3.  Where, under Laws 1917, chap. 98, secs. 15, 16, Butte county was created from parts of other territory and amount found to be due on August 13, 1917, from Butte county to plaintiff county by accountants appointed under the act was a liability created by statute, since cause of action accrued on failure of county commissioners, under C. S., sec. 3411, to make payment at their meeting in October, 1917, complaint to recover amount thereof, filed November 14, 1925, was barred by three-year limitation of section 6611.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Dana E. Brinck, Judge.

Publisher's Note.

1.  Applicability of statute of limitations to actions by counties, see notes in 101 Am. St. 154; 3 L. R. A., N. S., 746; 22 L. R. A., N. S., 921; L. R. A. 1916E, 97.   See, also, 17 R. C. L. 972.

See Limitations of Actions, 37 C. J., sec. 32, p. 715, n. 45, p. 716, n. 59; sec. 123, p. 783, n. 95; sec. 331, p. 958, n. 77.

Mandamus, 38 C. J., sec. 71, p. 597, n. 56.

Action for money due, by virtue of the act of legislature creating defendant county. Judgment for defendant. *Affirmed.*

W. A. Brodhead, J. J. McFadden and Proctor K. Perkins, for Appellant.

This cause of action is not barred by the statute of limitations. (*Elmore County v. Alturas County,* 4 Ida. 145, 95 Am. St. 53, 37 Pac. 349; *Logan Co. v. City of Lincoln,* 81 Ill. 156; *County of Piatt v. Goodell,* 97 Ill. 84; *Bannock Co. v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710; C. S., secs. 6611, 6618; *Gustaveson v. Dwyer,* 83 Wash. 303, 145 Pac. 458.)

W. J. Lamme and Jo. G. Martin, for Respondent.

The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties. (C. S., sec. 6618.)

The statute of limitations of this state is expressly made applicable to the state. It is therefore applicable to the counties of the state. (*Bannock Co. v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710.)

When one county is carved out of the portion of another and adjustment and settlement of all accounts is made, the liability of one county to the other is created by statute and an action to enforce such liability must be brought within three years. (*Canyon County v. Ada County,* 5 Ida. 686, 51 Pac. 748.)

BABCOCK, Commissioner.—This action was brought by Blaine county against Butte county to recover a sum of money claimed by the former county to be due and owing to it under and by virtue of an act of the legislature creating Butte county.

The complaint was filed November 14, 1925, and contains substantially the following allegations: That pursuant to the terms of the legislative enactment creating and organiz-

ing the county of Butte, an adjustment and settlement was made between the plaintiff and the defendant; and that pursuant to the further terms of said legislative act, accountants were appointed to agree upon and adjust all of the existing accounts between the said two counties, and that the said accountants filed their report on August 13, 1917; that it was determined by the said accountants that the defendant was indebted to the plaintiff in the sum of $1,570.11, as the defendant's proportionate share of the cost of construction of two bridges, which sum, prior to that time, had been paid by the plaintiff; that on February 17, 1925, the plaintiff demanded of the defendant the payment of said sum and the defendant refused to pay the same.

The defendant interposed a demurrer to the complaint on the ground, principally, that the action was barred by the provisions of C. S., sec. 6611. The demurrer was sustained by the court, in so far as it raised the bar of the statute of limitations, and the plaintiff was given twenty days in which to amend its complaint, and having failed to do so within the time allowed by the court, and refusing so to do, on February 20, 1926, judgment of dismissal was entered. This appeal is from the judgment of dismissal.

Appellant assigns as error the order of the court sustaining the demurrer and in entering the judgment of dismissal.

By an act of the legislature, approved February 6, 1917, Butte county was created and formed out of portions of the territory of Blaine, Jefferson and Bingham counties. For the purpose of effecting the apportionment of indebtedness and division of property between Butte county and Blaine county, said act provided for the appointment of an accountant by each of said counties, to constitute a board of auditors and appraisers, with power and authority to make a complete apportionment and settlement with reference to the indebtedness and division of property of said counties, with their conclusions as to the amounts due from one county to the other upon such settlement, and providing that, upon the filing with the clerk of the board of county commissioners of each of said counties a duplicate certified

copy of such statement, the same should be final and binding upon both and each of said counties. (Sess. Laws 1917, chap. 98, p. 350, sec. 15.)

The act also provided that the board of county commissioners of the debtor county, at their first meeting after the filing of such statement and report, should cause county warrants to be drawn by the auditor of the county for the amount so due, payable to the creditor county. Sec. 16 of the act, *supra.*

C. S., sec. 6607, provides:

"The periods prescribed for the commencement of actions other than for the recovery of real property are as follows."

And C. S., sec. 6611, provides:

"Within three years: 1. An action upon a liability created by statute other than a penalty or forfeiture. . . . . "

C. S., sec. 6618, provides:

"The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties."

C. S., sec. 3411, provides:

"The regular meetings of the boards of commissioners must be held at their respective county seats on the second Mondays in January, April, July and October of each year, and must continue from time to time until all the business before them is disposed of. . . . . "

The contention of appellant · is that the statute of limitations has no application, does not run as to a claim of one county against another, and, in any event, in this case, it would not begin to run until demand for the payment of the money had been made by Blaine county.

[1] The legislature, at the time of the enactment of C. S., sec. 6618, making the statute of limitations applicable to the state, evidently had in mind and recognized the common-law rule exempting the government from such limitations, and meant and intended to provide a limitation for every kind of an action that could be brought in the courts of the state, and passed the same for the express purpose

of making the statutory limitation apply with equal force to actions brought by the state in its sovereign and proprietary capacity as well as to those brought by private parties; and being applicable to the state, it is applicable to the counties of the state. (*Bannock County v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710.)

In *Canyon County v. Ada County,* 5 Ida. 686, 51 Pac. 748, it was held that, where one county is carved out of a portion of another, and settlement of all accounts is made, the liability of one county to the other is created by statute, and an action to enforce such liability must be brought within three years.

By the provisions of the act creating Butte county, as hereinbefore cited, the amount found due from that county to Blaine county by the accountants was a final determination of the matter, and upon the filing of the report of the accountants, August 13, 1917, the same became a fixed and definite liability of Butte county; and by the provisions of the act the board of county commissioners of the debtor county were expressly directed to pay the same by the issuance of a warrant at the next regular meeting of the board thereafter, which was in October, 1917.

[2] *Village of Mountain Home v. Elmore County,* 9 Ida. 410, 75 Pac. 65, cited by appellant on the question of the necessity of a demand before the statute of limitations would begin to run, we do not consider to be in point. That action was brought against the county by the municipality to recover certain money collected by the county for road purposes, to be used by the municipality upon the roads and highways within its corporate limits. It was held that the statute of limitations did not begin to run against the municipality until the demand was made for the payment of such taxes, or until the municipality had notice of the refusal of the county to pay the same, or that it claimed such money in its own right. But this holding was made on the ground that the county was the agency provided by law for the levying and collection of such taxes, and the county being the agent of the municipality for that purpose, the

statute of limitations would not begin to run until demand had been made therefor, or the agent had refused to pay. [3] In this case, there being no relation of agency or trust existing, no demand was necessary to start the running of the statute. The right of action accrued upon the failure of the board of county commissioners of Butte county, at their regular meeting in October, 1917, to make payment of the amount found due Blaine county by the accountants. The liability was created by statute, and at the time of filing the complaint in the action the same was barred by the provisions of C. S., sec. 6611.

The trial court did not err in sustaining the respondent's demurrer to the complaint, or in dismissing the action.

We recommend that the judgment be affirmed.

Featherstone and Adair, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

BUDGE, J., Concurring Specially.—By an act of the legislature (Sess. Laws 1917, chap. 98, p. 344), Butte county was created out of portions of Blaine, Jefferson and Bingham counties. For the purpose of affecting an apportionment of indebtedness and division of property between the two counties of Butte and Blaine, the act provided for the appointment of competent accountants, whose report and conclusions as to the amounts due from one county to the other should be final and binding upon both and each of said counties of Butte and Blaine. Section 16 of the act, provides, *inter alia;*

"For whatever amount . . . . found to be due from either of said counties to Butte County, or *vice versa,* upon the apportionment of the public funds and property made by said accountants as hereinbefore provided, the boards of county commissioners of the debtor counties shall at their

first regular meeting after the filing of the said statement and report cause county warrants to be drawn by the auditors of such counties, respectively, for the amounts so due, payable to the creditor counties, respectively . . . . ''

The accountants appointed found, and so certified, that Butte county was indebted to Blaine county in the sum of $1,570.11; and, under the act above referred to, the duty then rested upon the commissioners of Butte county, at their first regular meeting thereafter, to direct the auditor of said county to draw a warrant in payment of the amount so found to be due.

This is not an action to determine what, if any, amount of indebtedness is due. No controversy could arise over the amount due, or when due, or how payable. Under the act the accountants were authorized to fix the amount or amounts due from one county to the other, their apportionment and report thereon to be final and binding, and it became the duty of the board of county commissioners of Butte county at their first regular meeting after the filing of the accountants' report to cause a warrant to be drawn for the amount found to be due to Blaine county. The board of county commissioners of Butte county having refused to direct that the warrant be drawn, the action should, therefore, be one in *mandamus* to compel the performance of that plain ministerial duty. (*Blaine County v. Smith,* 5 Ida. 255, 48 Pac. 286; 38 C. J. 594–596.) But no such action is brought. This action is one to recover judgment for a sum of money; yet what good would a judgment be? The amount due Blaine county was already fixed by the accountants, whose findings and report were final and conclusive, from which no appeal would lie.

In my opinion, the complaint fails to state a cause of action, and the demurrer should have been sustained on that ground.