AETNA CASUALTY & SURETY CO., a corporation, Plaintiff,

v.

GULF RESOURCES & CHEMICAL CORPORATION, a Delaware corporation;

the Bunker Hill Company, a Delaware corporation; Pintlar Corporation, a Delaware corporation, Defendants.

CONTINENTAL RE–INSURANCE CORPORATION, a California corporation; Pacific Insurance Company, a California corporation; Fidelity & Casualty Company of New York, a New York corporation; and Northbrook Insurance Company, an Illinois corporation, Plaintiffs,

v.

The BUNKER HILL COMPANY, a Delaware corporation; and Gulf Resources & Chemical Corporation, a Delaware corporation, Defendants.

The STATE OF IDAHO, Plaintiff,

v.

The BUNKER HILL COMPANY, et al., Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, Third-Party Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY, et al., Third-Party Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, et al., Third-Party Plaintiffs,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al., Third-Party Defendants.

PINTLAR CORPORATION, Third-Party Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON, Third-Party Defendant.

Civ. Nos. 83–3161, 84–1155 and 84–3071.

United States District Court, D. Idaho.

Jan. 16, 1985.

Jim Jones, Atty. Gen., State of Idaho, P. Mark Thompson, Sheila Glusco Bush, Deputy Attys. Gen., Boise, Idaho, for plaintiff.

James P. Keane, William F. Boyd, Evans, Keane, Koontz, Boyd & Ripley, Kellogg, Idaho, for Gulf Resources & Chemical Corp., Bunker Hill Co. and Pintlar Corp.

James B. Lynch, Scott W. Marotz, Imhoff & Lynch, Boise, Idaho, for Admiral Ins. Co.

John P. Howard and Marc A. Lyons, Quane, Smith, Howard & Hull, Boise, Idaho, for Fidelity & Cas. Co., Pacific Ins., Continental Re-Insurance Corp. and Northbrook Ins. Co.

R.B. Kading, Jr., Scott D. Hess, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for Aetna Cas. & Sur. Co.

RYAN, District Judge.

The State of Idaho filed the present suit claiming that the defendants' smelting activities have injured the State's northern environment. The State's Complaint alleges causes of action under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601–9657 and 26 U.S.C. § 4611 (1983) (the "Superfund Act"); the Environmental Protection and Health Act of 1972, Idaho Code §§ 39–101 to 39–118; and the Idaho common law of public nuisance. As a result of the State's action, the defendants, Bunker Hill Company, Pintlar Corporation, and Gulf Resources and Chemical Corpora-

tion (hereinafter Bunker Hill) filed numerous Third-Party Complaints seeking indemnification from various insurance companies.

Third-Party Defendant Aetna Casualty and Surety Company (Aetna) moved this court for summary judgment on the State's second, third, and fourth causes of action which are based on state common law principles of public nuisance. In addition, Aetna moved for summary judgment on any claim for relief based upon Idaho Code §§ 39–101 to 39–118, the Environmental Protection and Health Act of 1972. In support of Aetna's Motion for Summary Judgment, Aetna maintains that these state-based claims are barred by the applicable statute of limitations. The State of Idaho opposes the motion, arguing that the statute of limitations does not apply to the State in this instance since the State is pursuing this action in its role as parens patriae in fulfillment of its high public duty to protect the State's environment. The State maintains that this duty is a high public trust and that public policy forbids application of the statute of limitations.

## ISSUES PRESENTED

The court perceives two issues raised by Aetna's motion. First, are the State's common law and state statutory claims barred by the applicable statute of limitations? In this regard, the court must determine whether the State should be allowed to avoid the statute of limitations when it is acting in its parens patriae capacity in fulfillment of a high public trust. Second, if the court determines that the State is bound by the applicable statute of limitations, the court must then decide what effect that determination has on the claims in question.

## APPLICABILITY OF STATUTE OF LIMITATIONS

Idaho Code § 5–225 provides:
Limitations apply to state.—The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties.

The language of Section 5–225 has been in effect in Idaho since prior to the turn of the century. Idaho Code § 5–224 provides:
Actions for other relief.—An action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued.

It is well settled in Idaho that the four-year statute of limitations provided for by Section 5–224 applies to nuisance actions. See *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 52 Idaho 766, 22 P.2d 147 (1933). There is no doubt that in an action instigated by a private party, Section 5–224's four-year statute of limitation applies to state-based nuisance claims. Since Idaho's Environmental Protection and Health Act does not provide its own statute of limitation, the four-year limitation provided by Section 5–224 applies to actions brought under it. A plain reading of Idaho Code § 5–225 would lead one to conclude that Section 5–224's four-year statute of limitations applies to actions brought in the name of the State or for the benefit of the State. The State disagrees with this analysis and urges the adoption of the rationale employed by the Idaho Supreme Court in a very early case, *Elmore County, et al. v. County of Alturas*, 4 Idaho 145, 37 P. 349 (1894).

In the *Alturas* case, Plaintiffs Elmore, Logan, and Bingham Counties petitioned the courts for a writ of mandate. It appears that in 1889 the State legislature partitioned the then existing County of Alturas. As a result of the partition, the Counties of Elmore and Logan were created. Alturas County was made smaller, and Bingham County was enlarged. The legislature also provided that the old debt of Alturas County should be apportioned among the newly created Elmore, Logan, Alturas, and Bingham Counties. The Legislature required that each of these four counties appoint a competent accountant to determine what portion of the debt should be assumed by each of the counties. Elmore, Logan, and Bingham Counties com-

plied with the legislative mandate, but Alturas County refused to appoint an accountant. Plaintiff Counties thereupon filed suit demanding a writ of mandate which would require Alturas County's compliance. Alturas answered the Complaint admitting the material allegations and asserting that the statute of limitations barred the plaintiffs' suit. Upon review, the supreme court addressed the statute of limitations argument put forth by Alturas County. The court noted:

It is a principle of the common law that the government ... cannot be guilty of laches. It is also well settled that a state is not barred by a statute of limitations, unless expressly named.... As respects public rights or property held for public use upon trusts, municipal corporations are not within the operation of the statute of limitations; but with regard to mere private rights or contracts the rule is different, and such corporations may plead, and have pleaded against them, the statutes of limitations.

*Id.* 37 P. at 350 (citations omitted). The court then engaged in a general discussion, pointing out that, as respects public rights, the State was not within ordinary limitation statutes. In matters involving private rights, the court noted, the State would be subject to applicable statute of limitations. Unfortunately, the court never set forth a test to be used in distinguishing between public rights and private rights. Rather, the court stated that the statute of limitation was "specifically restricted to the limitations 'proscribed in this title'"; that is, to actions of a private nature, and against private individuals. *Id.* 37 P. at 351. The court then determined that the nature of the Alturas litigation was not private, but rather, concerned public rights between two competing counties. Finally, the court quoted the language of Section 5–225 (then Section 4061) and determined that the county (the State) was not bound by its provisions under those limited circumstances.

Subsequently, in *Blaine County v. Butte County*, 45 Idaho 193, 261 P. 338 (1927), the supreme court had another opportunity to address the statute of limitations prob-

lem raised in *Alturas*. The facts giving rise to *Butte* were substantively identical to those giving rise to *Alturas*. However, the court in *Butte* came to an entirely different conclusion without citing or distinguishing the *Alturas* case. The court in *Butte* held:

The Legislature, at the time of the enactment of [Idaho Code § 5–224], making the statute of limitations applicable to the state, evidently had in mind and recognized the common-law rule exempting the government from such limitations, and meant and intended to provide a limitation for every kind of an action that could be brought in the courts of the state, *and passed the same for the express purpose of making the statutory limitation apply with equal force to actions brought by the state in its sovereign and proprietary capacity,* as well as to those brought by private parties, and, being applicable to the state, it is applicable to the counties of the state.

*Id.* 261 P. at 340 (emphasis added). This court has carefully reviewed the *Alturas* and *Butte* cases and determines that it is impossible to reconcile their rather divergent holdings. Since *Butte* was the latter of the two cases, this court must hold that *Butte* implicitly overruled *Alturas* and that *Butte,* unless later modified, remains the law in Idaho.

In 1939, the Idaho Supreme Court decided *State v. Peterson*, 61 Idaho 50, 97 P.2d 603 (1939), which appears to be in conflict with the *Butte* holding. In *Peterson*, the State of Idaho brought suit to foreclose a mortgage which was executed to secure a loan from the State out of the public school endowment fund. Defendants asserted the statute of limitations, and the State countered, arguing that the statute of limitations could not be applied to the State under the circumstances of the case. The supreme court noted that the public school endowment funds are trust funds of the highest and most sacred order, made so by an act of the legislature and by the Idaho

Constitution.[1] The supreme court, then citing *Alturas*, noted that, " 'it is also well settled that a state is not barred by a statute of limitations, unless expressly named.... As respects public rights or property held for public use upon *trusts*, municipal corporations are not within the operation of the statute of limitations ....' " *Id.* 97 P.2d at 604–605. Additionally, the court noted that the doctrine announced in *Alturas* remained the law in Idaho. The court did not specifically address the holding in *Butte* nor did it distinguish *Butte* or give its rationale for determining why *Butte* had not overruled *Alturas*.

A close reading of the *Peterson* opinion reveals that the supreme court was more concerned with avoiding any constitutional problem which might arise if the statute of limitations was applied to bar the State's cause of action. The court recognized the *constitutional* mandate declaring that the public school funds should "forever remain inviolate and intact" and noted that by holding that the statute of limitations did not apply to the State, they thus avoided the cul-de-sac of unconstitutionality forecast in *Bannock County v. Bell*, 8 Idaho 1, 65 P. 710 (1901). In the present case, though there is no doubt the State is charged with the important public duty of protecting the State's environment, this public duty is not akin to the State's duty to preserve the public school fund. Though this court does not imply that the preservation of the public school fund is more important than the preservation of Idaho's environment, the Idaho Constitution has not required the latter in its provisions.

■ After careful review, this court determines that the holding in *Butte* is controlling and that its facts are distinguishable from the facts in *Peterson*. Absent a showing that the application of a statute of limitations to the State would result in an unconstitutional outcome, or absent a statute immunizing the State from the statute of limitations, this court must hold that the State may not avoid the limitation imposed by Idaho Code §§ 5–224 and –225.

## APPLICATION OF THE STATUTE OF LIMITATIONS

■ Initially, it must be noted that courts have traditionally recognized two distinct types of public nuisances: temporary and permanent. The distinction is important since the characterization of the nuisance has direct impact on the application of the appropriate statute of limitations. In this case, the applicable statute of limitations for nuisance actions is four years. It is well settled that where the complained of nuisance is "permanent," the cause of action must be commenced within four years from the date the permanent nuisance was created or occurred. If the action is not so maintained, the statute of limitations bars any recovery for the nuisance. Where the nuisance is temporary and continuing in nature, the statute of limitations does not run and an action may be brought at any time to recover damages occurring within the previous limitation period. In this case, there are a myriad of factual disputes relating to the exact nature and cause of the nuisance complained of. There are many factual disputes relating to whether the nuisance is permanent or temporary and continuing. Since resolution of these factual disputes is necessary before the court may determine whether all of the State's claims are barred, the court may not grant Aetna's motion completely. However, the court may grant Aetna's motion in part. That is, where the State is pursuing damages for injuries caused by permanent nuisances which were created prior to December 9, 1979, Aetna's Motion for Summary Judgment should be granted.

---

**1.** Section 3, Art. IX, Idaho Constitution, declares that the public school fund "shall forever remain inviolate and intact ...."

The four-year applicable statute of limitations bars any remedy for injuries caused by permanent nuisances which were created prior to that date. As for any continuing and temporary nuisance, Aetna's Motion for Summary Judgment should be granted for injuries and damages which occurred prior to December 9, 1979. For injuries occurring after December 9, 1979, as a result of any continuing and temporary nuisance, Aetna's motion should be denied. The court, having read the briefs of counsel and having reviewed the pleadings in the file, and being fully advised in the premises,

IT IS HEREBY ORDERED that Aetna's Motion for Summary Judgment should be, and hereby is, GRANTED in the following respects:

(1) The State's second, third, and fourth causes of action, to the degree that they state claims based on public nuisance or upon violations of the Environmental Protection and Health Act of 1972, Idaho Code §§ 39–101 to 39–118, for injuries resulting from any permanent nuisance created by the defendants prior to December 9, 1979, are DISMISSED.

(2) The State's second, third, and fourth causes of action, to the degree that they state claims based on public nuisance or upon violations of the Environmental Protection and Health Act of 1972, Idaho Code §§ 39–101 to 39–118, for injuries resulting from any temporary or continuing nuisance created by the defendants prior to December 9, 1979, are DISMISSED.

(3) Notwithstanding paragraphs (1) and (2) above, this order shall not be deemed to preclude the State's recovery for injuries and damages resulting from any permanent nuisance created by defendants between December 9, 1979, and December 9, 1983. Nor shall this order be deemed to preclude the State from recovering for injuries resulting from any temporary or continuing nuisance caused by defendants occurring after December 9, 1979, through the date of trial.