Points decided.

(December 31, 1904.)

# HUMBIRD LUMBER COMPANY v. KOOTENAI COUNTY.

[79 Pac. 396.]

APPEAL FROM ORDER OF COMMISSIONERS—TRANSMISSION OF PAPERS BY CLERK TO JUDGE—SETTLEMENT OF STATEMENT ON APPEAL—TAX LEVY—SPECIAL ROAD TAX—DUPLICATE TAXATION.

1. The provisions of section 1778, Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws 1899, 249), requiring the clerk to transmit the papers on appeal from an order of the board of commissioners to the district judge within five days after the service of the notice of appeal is not jurisdictional, and a failure to do so does not deprive the appellant of the benefits of his appeal.

2. It is the privilege and duty of a trial judge to require a statement on motion for a new trial or on appeal to be corrected until it conforms to the truth as to all matters it purports to contain, whether any amendments have been offered or not, and a statement should not be settled until it is so corrected if errors exist.

3. Act of March 5, 1901 (Sess. Laws 1901, 78), "providing for a special property road tax, and defining the duties of officers in the levy and collection thereof," is not in conflict with the last clause of section 5, article 7 of the constitution, which provides that "duplicate taxation of property for the same purpose during the same year is hereby prohibited," where all the taxable property of the county is required to respond to such levy, notwithstanding a general tax levy is made for the same year for road purposes.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

The board of commissioners of Kootenai county made an order on the thirtieth day of January, 1903, levying a special property road tax on all the taxable property within Kootenai county, and from the order so made, the Humbird Lumber Company, a corporation, owning property within said county, appealed to the district court. The order of the board of commissioners was affirmed by the district court, and the appellant

thereupon appealed to this court. Judgment and order affirmed.

Charles L. Heitman and M. J. Gordon, for Appellant.

The assignments present but a single question, and that goes to the constitutionality of the act of the legislature of the state of Idaho under which the levy made by the respondents and complained of by the appellant was made. That act was approved on March 5, 1901, and is entitled "An act providing for a special property road tax and defining the duties of officers in the levy and collection thereof." It will be noticed that it was admitted at the trial that in addition to the levy embraced in the order appealed from, the board of commissioners on the 14th of September, 1903, levied a tax of thirty cents on the hundred dollars' valuation on all taxable property in said county, as and for the general road fund; and that in making this last-mentioned levy, the board proceeded upon the authority conferred by section 1168 of the Political Code of 1901. It is the contention of the appellant that as a result of these separate levies, the property owned by them, situated within the county of Kootenai, has been twice called upon within the same year to directly contribute to the same burden; and they invoke that clause of section five (5), article seven (7) of the constitution of Idaho, which provides, "That duplicate taxation of property for the same purpose during the same year is prohibited." The inhibition contained in this constitutional clause extends to all property, and the only policy which is sanctioned is that for a given purpose, taxable property must respond once and only once during a given year. It does not deal or profess to deal with "duplicate taxation" as meant and discussed by Cooley and the other writers. It does not deal or profess to deal with the subject of "equality and uniformity" as discussed in the text-books. It is neither ambiguous nor uncertain. Reasoning and argument cannot make the proposition clearer. Here section 1168, *supra,* provides for an "annual tax" on property by valuation for "road purposes," and section 1169 provides for a "special" tax on property by valuation as and for a "road tax." (*City of Genessee v. Latah County,* 4 Idaho, 141, 36 Pac. 701.)

Thomas H.. Wilson, County Attorney, and C. W. Beale, for Respondents.

Fortified by the statute on appeals from orders of the board of county commissioners (section 1778, as amended by the act of February 14, 1899, Sess. Laws 1899, p. 249), and the decision of this court in *Clyne v. Bingham County*, 7 Idaho, 75, 60 Pac. 76, our contention is that the failure on the part of the appellant to cause to be transmitted to the district judge a copy of the notice of appeal, and the order and proceedings appealed from within five days, or within any time or at all, absolutely prevented the lower court or judge from entertaining any jurisdiction whatever, and that, under said decision, the judge of the lower court should have entered up a judgment dismissing said pretended appeal. There was absolutely no authority for the filing of the complaint and answer set forth in the bill of exceptions. The only record upon which the court could hear the appeal was the record made before the board of county commissioners. Counsel can neither stipulate away the rights of the people nor inject into a special proceeding a system of pleading unauthorized by the statute. (*Board of Commissioners v. Denver Union Water Co.*, 32 Colo. 382, 76 Pac. 1060, at par. 4, p. 1062.) It is possibly true that, prior to the adoption of our constitutions, the expressions in other constitutions that "all taxes shall be equal and uniform," "according to a valuation," or the like, were by the majority of the decisions held to forbid duplicate or double taxation, while in other jurisdictions, the same construction was not always placed upon such provisions. (27 Am. & Eng. Ency. of Law, 2d ed., pp. 607, 608.) The constitutional provision contained in said section 5, article 7, with reference to uniform and double taxation, has reference only to taxation pure and simple, according to the commonly accepted meaning of that term, for the purpose of revenue only and not for the purpose of a special school or road tax. (*State v. Dougherty*, 3 Idaho, 384, 29 Pac. 855; *State v. Union Cent. Life Ins. Co.*, 8 Idaho, 240, 67 Pac. 647; 25 Am. & Eng. Ency. of Law, 2d ed., p. 1174.) Taxation for special purposes is not prohibited although the same property is also taxed for general purposes. (*Hilgenberg v. Wilson*, 55

Ind. 210; *Drysdale v. Pradat,* 45 Miss. 445; *City of St. Joseph etc. R. Co. v. Saville,* 39 Mo. 477.) A tax upon a county for the support of the insane asylum is not duplicate taxation, although a general tax is levied for the support of such institution. (*Bon Homme County v. Berndt,* 15 S. Dak. 494, 90 N. W. 147; *State v. County of Douglas,* 18 Neb. 601, 26 N. W. 378.) Although a special assessment has been levied on land to pay part of the cost of a local improvement, it is still subject to a general tax to pay the balance. (*French v. Barber Asphalt Paving Co.,* 181 U. S. 324-343, 21 Sup. Ct. Rep. 625, 45 L. ed. 879; *State v. Newark,* 48 N. J. L. 101, 2 Atl. 627; *State v. Newark,* 49 N. J. L. 239, 12 Atl. 770.) Assuming, for the sake of argument, that all moneys collected under the general road tax were to be expended in the same road district where the moneys collected under the special road tax are to be expended, how, then, could it be contended that this was duplicate taxation, since it affects all property alike? Tested by the rule laid down in the New Jersey and South Dakota cases, what possible objection can there be to the levying of a special assessment for the improvement, construction and repair of roads where the general levy was insufficient to meet such requirements. If the general assessment and the special assessment were for absolutely the same purposes, they would not constitute duplicate taxation. The very most that could be said of them would be that one or the other was an additional assessment to pay for the necessary construction or improvement where either the general assessment or the special assessment had been insufficient to pay such expenses. In the case of *Bramwell v. Guheen,* 3 Idaho, 347, 29 Pac. 110, this court recognized the validity of the statute providing for the levy of a special school tax. (*Salisbury v. Lane,* 7 Idaho, 370, 63 Pac. 383.) A statute will not be held unconstitutional unless its conflict with the constitution is shown beyond all reasonable doubt. (*Bon Homme County v. Berndt,* 15 S. Dak. 494, 90 N. W. 147; *Cook v. Port of Portland,* 20 Or. 580, 27 Pac. 263, 13 L. R. A. 533; Cooley on Taxation, 3d ed., p. 394.)

AILSHIE, J.—On the thirtieth day of January, 1903, the board of commissioners of Kootenai county, then being in regular session, made and entered of record the following order:

"In the Matter of Levying a Special Road Tax for the Year 1903.

"The levy of a special road tax being at this time under discussion, in the judgment of the board the regular tax levy for roads is insufficient to meet the requirements required on the roads in Kootenai county, the board by a unanimous vote, passed the following resolution:

"Be it resolved, that a special property tax of eight (8) mills on the dollar be, and the same is hereby levied against all of the taxable property in the several road districts of Kootenai county, Idaho, in accordance with the provisions of an act of the legislature of the state of Idaho, entitled, 'An act providing for a special property road tax, and defining the duties of officers in the levy and collection thereof.'

"And it is further resolved: That where work is performed in working out road tax hereby levied, $2 per day shall be allowed for each man, and $2 per day for each team, as full compensation for each day's labor performed upon the road."

At the time of making the foregoing order the appellant, the Humbird Lumber Company, a corporation, was the owner of large bodies of timber land situated within Kootenai county, and subject to the tax levy as set out in said order, and being dissatisfied with the action of the board and desiring to test the validity of the order and the constitutionality of the act of the legislature authorizing such an order and levy, appealed from the action of the board to the district court. After perfecting the appeal the appellant filed what was designated a complaint on appeal, and thereafter a stipulation was entered into between the respective counsel as to the facts in the case. The case was heard, and on the nineteenth day of January, 1904, the district court rendered and entered his judgment affirming the action and order of the board of commissioners, and holding the same valid and binding upon the appellant. From this order and judgment the appellant has appealed to this court.

It appears that the clerk did not transmit the papers on appeal to the district judge within five days after the filing thereof by appellant as required by section 1778, Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws 1899, p. 249), and for that reason respondent contends that the district judge never acquired jurisdiction of the appeal, and that the same should have been dismissed. This question has been frequently raised on these appeals, and we think it proper to say here that such failure or neglect on the part of the clerk should not deprive the appellant of the benefits of his appeal. The appeal is perfected upon the service of notice (*Great Northern R. R. Co. v. Kootenai County, ante,* p. 379, 78 Pac. 1078), and the transmission of papers to the judge is a purely ministerial act to be performed by the clerk, no part of which duty rests upon the appellant any more than upon the respondent. The only purpose of transmitting the papers to the judge within so short a time is that he may direct a summary hearing at chambers if he thinks the appeal is one of sufficient importance that it requires immediate consideration and decision. The matter can as easily be brought to the attention of the judge by the respondent as by the appellant. We are cited to *Clyne v. Bingham County,* 7 Idaho, 75, 60 Pac. 76, in support of the position taken by respondent, but we do not think anything said in that case supports respondent's contention.

Some discussion is entered into in the respective briefs concerning the action of the trial judge in sending up an extensive additional certificate as to certain things occurring and others not occurring as set forth in the statement of the case. It seems that respondent filed and served certain amendments to the proposed statement, but not within the statutory time. Those amendments were therefore not incorporated in the statement, and after the settlement of the same, the judge made and filed his certificate setting forth that numerous matters contained in the statement were never presented to him, and other corrections that should have been made. We do not think the practice of settling statements, and after having done so, and possibly in the absence of the counsel for one or both sides, making and filing an independent certificate disputing state-

ments contained in the original statement or bill is commend-able. It is the duty of a trial judge to see that any and all statements of the case signed by him conform to the facts, and if they contain any matter that is not true, it is his duty to eliminate the same from the statement or correct it until it does conform to the truth, whether any amendments have been offered or not. When a trial judge discovers that errors exist in the record he should call them to the attention of the attorney who presents the same, and if he does not correct them to conform to the facts, the statement should not be settled. It is true that counsel for respondent should carefully examine all statements served upon him, and see that they contain no false or incorrect statements, and that, on the other hand, they contain the whole truth. If after the settlement of a statement the trial judge should discover that the same contained some error or mistake, we think it is still proper to correct it, but we do not think such correction should be made without first giving notice to counsel on both sides. With these observations we pass to the consideration of the controlling legal proposition presented upon this appeal.

Section 5 of article 7 of the constitution provides that "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the taxes, and shall be levied and collected under general laws. . . . . Provided further, that duplicate taxation of property for the same purpose during the same year is hereby prohibited." It will be observed that the tax levy complained of in this case was made in January, and is a special levy for road purposes only. The general tax levy for Kootenai county for the year 1903 was made on the fourteenth day of September, and, among other items, contained a levy of thirty cents on each hundred dollars' valuation upon all taxable property in the county for the general road fund. Now, appellant contends that since by the general tax levy it is taxed thirty cents on the one hundred dollars' valuation for road funds, and by the special levy made in January it is taxed eight (8) mills on the dollar for road purposes, that it is made the subject of duplicate taxation in violation of the provisions of section 5, article 7 of the constitution.

It is admitted that the appellant has not been singled out as an individual or particular subject of duplicate taxation, but, on the contrary, it appears that all taxable property within Kootenai county was subjected for the year 1903 to the same taxation as was the property of appellant. Under the statutes of this state all taxes collected under the general tax levy for road purposes are disposed of as follows: First twenty-five per cent of the taxes collected from property taxable within any given road district must be applied to the use of the roads in that particular district, and the remaining seventy-five per cent goes into a general fund for the use of the public highways anywhere within the county. (*City of Genessee v. Latah County,* 4 Idaho, 141, 36 Pac. 701; *Carson v. City of Genessee,* 9 Idaho, 244, 74 Pac. 862.) On the other hand, all labor performed or money collected by virtue of this special levy is employed upon the roads within the road district from which the same is collected. (Act March 5, 1901, Sess. Laws 1901, p. 78.) By the provisions of this act it appears to be optional with the board of commissioners as to whether or not they will make the order for a special property road tax; but if they do so, the entire tax levied under such order may be paid in labor upon the public roads. This is the only tax levy provided for by statute which may be paid in labor, and it would seem that the legislature in enacting such statute had in mind the great necessity for keeping up the roads and highways, and at the same time were considering the easiest way of imposing a part of this burden upon the taxpayers. They must have concluded that a large number of taxpayers could more easily, between the 1st of May and the 1st of July, perform a number of day's labor upon the roads and highways than pay the cash by way of taxes. It is certainly true that the board of commissioners, when making the general tax levy, take into consideration the amount of labor and money to be derived from the special property road tax before making a general levy for that purpose. It must be conceded that the tax derived both from this general levy and the special levy is all collected for ultimately the same purpose; namely, the improvement of roads and highways, and the manner and method of collection in case of delinquency is the same

for both the general and special levy, and both are made at the same time. It does not seem to us, however, that this constitutes duplicate taxation within the meaning of section 5, article 7 of the constitution. The prohibition contained in that section against duplicate taxation was undoubtedly directed against the taxing of the same property twice during the same year for the same purpose, while other like and similar property is taxed only once during the same period for the same purpose, as, for example, if property should be taxed against the bailor and bailee or against the trustee and *cestui que trust*, mortgagor and mortgagee—such a taxation would be clearly duplicate, and it is in this sense that the *uniformity* clause found in many of the constitutions had been construed prior to the adoption of our constitution. (1 Cooley on Taxation, 3d ed., 394; 27 Am. & Eng. Ency. of Law, 2d ed., 607.)

This question as it arises under the peculiar language of the last clause of section 5 is not free from doubt in our minds, but as we view the matter, we are not prepared to hold that the act of March 5, 1901 (Sess. Laws 1901, 78), is unconstitutional, and that the levy made by the board of commissioners in pursuance of that statute constituted duplicate taxation.

The judgment of the trial court will be affirmed and the order of the board of commissioners will be held legal and valid. Costs awarded to respondent.

Sullivan, C. J., and Stockslager, J., concur.

## ON REHEARING.

### (January 30, 1905.)

STOCKSLAGER, C. J.—Counsel for petitioner insists that the opinion in this case renders meaningless the last clause of section 5, article 7 of the constitution, and that their claim for relief is based upon the language, to wit, "Provided, further, that duplicate taxation of property for the same purpose during the same year is hereby prohibited." It will be observed that the entire section 5, article 7 of the constitution was discussed and construed in the opinion of the court, and as said by Mr. Justice Ailshie, the language of the last clause of sec-

Points decided.

tion 5, article 7, is peculiar. We are not prepared to say that the legislative act of March 5, 1901, is unconstitutional. We find nothing in the petition for rehearing that changes our views as expressed in the opinion, and the petition is denied.

Ailshie, J., and Sullivan, J., concur.