(June 13, 1917.)

## NAMPA HIGHWAY DISTRICT, Appellant, v. COUNTY OF CANYON, Respondent.

[165 Pac. 1126.]

COUNTIES—HIGHWAY DISTRICTS—ROADS AND BRIDGES—COST OF CONSTRUCTION AND MAINTENANCE—BONDS—APPORTIONMENT.

1. The board of county commissioners has the power and authority to levy and collect taxes against all the taxable property within the county, including that within a highway district, for the payment of bonds, the proceeds whereof have been used for the construction of bridges within the county but without the boundaries of the district.

2. The provisions of sec. 16, chap. 55, Sess. Laws 1911, p. 129, held to not be applicable to the facts of this case.

[As to validity of statute assessing cost of construction or repair of rural highway on land benefited, see note in Ann. Cas. 1913D, 550.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Chas. P. McCarthy, Presiding Judge.

Action to recover the sum of $573.75 and to apportion cost of bridges. Judgment for defendant. *Affirmed.*

F. A. Hagelin, A. L. Anderson and Richards & Haga, for Appellant.

The highway board is substituted for and takes the place of the board of county commissioners with reference to highways within the territory embraced in the district, and it would appear that the power of the board of county commissioners ceases so far as such district highways are concerned. (*Reinhart v. Canyon County,* 22 Ida. 348, 353, 125 Pac. 791.)

The question as to whether or not the county should reimburse the highway district because the construction of such bridges for which the bonds were voted was not a benefit to the highway district, is to be determined as provided by sec. 16 of the act. (*Reinhart v. Canyon County, supra.*)

There is no question as to the uniformity of the assessment on any class of subjects in the case at bar. This tax was not levied for governmental purposes, but for the improvement of highways according to benefits. (*Hettinger v. Good Road Dist. No. 1,* 19 Ida. 313, 113 Pac. 721; *Elliott v. McCrea,* 23 Ida. 524, 130 Pac. 785; *Independent Highway Dist. No. 2 v. Ada County,* 24 Ida. 416, 134 Pac. 542.)

A. F. Stone, H. A. Griffiths and Scatterday & Van Duyn, for Respondent.

A statute which contains no provision for determining benefits is inoperative. (2 Elliott on Roads and Streets, p. 43, sec. 693, note 51; *Road Improvement Dist. v. Glover,* 89 Ark. 513, 117 S. W. 544; *Hettinger v. Good Road Dist. No. 1,* 19 Ida. 313, 113 Pac. 721.)

The theory upon which assessments are sustained is that the party assessed is locally and peculiarly benefited over and above the ordinary benefits which, as one of the community, he receives in all such improvements. (Page & Jones on Taxation by Assessments, p. 21; *Wilson v. Board of Trustees of Sanitary District of Chicago,* 133 Ill. 443, 27 N. E. 203.)

Therefore, such benefits are the only benefits that are susceptible of apportionment herein, and if the plaintiff has attempted, as it has in fact attempted in this case, to appor-

tion general benefits, it is basing its action upon the wrong principle.

MORGAN, J.—This action was commenced by appellant, a highway district, for the purpose of causing to be apportioned between it and Canyon county, the respondent, of which the district is an integral part, the cost of construction of three bridges situated in the county and outside of the district. Money with which to pay for building the bridges was procured by the issuance and sale of county bonds. It appears that a uniform tax has been levied upon all taxable property in the county for the purpose of raising money with which to pay the interest on the bonded indebtedness thus created, and that the sum of $573.75 has been collected for that purpose from the owners of property within the district.

It is appellant's contention that neither the inhabitants of the district nor the property situated therein are benefited by the construction or maintenance of the bridges, and it is sought, in this action, to procure a decree to that effect and to recover the money heretofore paid, as above mentioned.

A trial was had before the court without a jury, which resulted in a judgment in favor of defendant dismissing the action, from which this appeal has been taken.

Appellant was created and is operating under and by virtue of chap. 55, Sess. Laws 1911, p. 121, the purpose of which act is to make possible the creation of highway districts with power to establish and maintain their own system of roads, and to that end provision is made for the collection, by the county wherein such a district is situated, of taxes for road and bridge purposes and the payment of the money so collected, except a small percentage thereof, to the highway district.

The statutory enactments providing the means by which taxes levied for road and bridge purposes shall be collected and apportioned between the county and highway district have been fully discussed in case of *Reinhart v. Canyon County,* 22 Ida. 348, 125 Pac. 791, wherein this same bond issue was called in question by a property owner of appel-

lant, and the court there said that the principal question presented for determination was: "Has the board of county commissioners the power to bind the property and levy taxes against the property within a legally organized highway district for the payment of bonds issued by the county after the organization of such highway district, the proceeds to be used in the construction of a bridge within the county but without the boundaries of such highway district?" That question was answered by the court in the affirmative, and it said: "We think it is clear under the provisions of said highway district act and the statute concerning the issuance of bonds for the construction of bridges, that in a case like the one at bar the board of county commissioners has the power and authority to levy the tax upon all of the property within the county for the payment of such bonds and the interest thereon."

Appellant relies for its right to recover upon the provisions of sec. 16, chap. 55, Sess. Laws 1911, p. 129, which is as follows:

"In case the construction, maintenance, repair or improvement of any highway, or portion thereof, within a county and not included within a highway district in such county, would also be for the benefit of such highway district, and the cost of such construction, maintenance, repair or improvement would if borne wholly by such excluded portion, be an unjust or unreasonable burden thereon, or in case the construction, maintenance, repair or improvement of any highway, or portion thereof, within a highway district would also be for the benefit of a portion or portions of such county which are not included in such highway district, and the cost of such construction, maintenance, repair or improvement would, if borne wholly by such highway district, be an unjust or unreasonable burden thereon; in either of such cases the Highway Board on the one hand, and the Board of County Commissioners on the other, shall have power to contract each with the other for a division and apportionment of the cost of such construction, maintenance, repair or improvement. And in case they fail to agree an action may be main-

tained in the District Court of the district, between such highway district and the county, and the District Court shall render such judgment therein as shall be just and equitable in respect to such division and apportionment of cost; and all proceedings in such action shall be the same as in ordinary civil actions, with the same right of appeal and other rights and remedies as in an ordinary civil action or against a body politic or political subdivision.''

A careful reading of the foregoing section will disclose that it does not apply to this case. That law is intended for the relief of the portion of a county not organized into a highway district in case road or bridge construction or improvement is undertaken outside the boundaries of the district, by providing that the district may contribute, or be required to do so, in a manner not otherwise provided by law toward the expense of such improvement; also that in the event such improvement be within the district, but beneficial to other portions of the county, and the cost thereof is such that it would be an unjust or an unreasonable burden upon the district the county may likewise assist, or be required to do so, in a way it could not otherwise do.

Neither of these conditions presents itself here. The bridges, for the construction of which this bonded indebtedness was created, are outside the district, so that is not a case for contribution under the law from respondent in aid of appellant. The expense of construction is not claimed to be an unjust or unreasonable burden upon the county, and it is not asking for contribution from appellant.

Since, as held in *Reinhart v. Canyon County, supra,* the county commissioners have power and authority to levy a tax upon all taxable property within the county, including that within the highway district, for the payment of the bonds and the interest thereon, and since the provisions of sec. 16, *supra,* do not apply to this case, the action cannot be maintained.

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.