(No. 4993. December 30, 1927.)

GOLDEN GATE HIGHWAY DISTRICT OF CANYON COUNTY, IDAHO, Appellant, v. CANYON COUNTY et al., Respondents.

[262 Pac. 1048.]

CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION—TAXATION—PURPOSE —HIGHWAY DISTRICTS.

1. In case of conflict between statutory provisions and provisions of constitution, constitution must prevail.

2. Retention by county of moneys collected from property within highway district under warrant redemption levy, to be used in redemption of outstanding unpaid county road and bridge

Argument for Appellant.

warrants under Const., art. 7, secs. 14–16, and C. S., secs. 3213–3215, 3217, 3219, *held* not to involve double taxation, contrary to Const., art. 7, sec. 5, notwithstanding apportionment to highway districts of taxes collected within districts for roads and bridges, provided by C. S., sec. 1529, since no duplicate taxation of property for the same purpose for the same year is involved.

3. Highway district *held* not entitled, under C. S., secs. 1529, 3213–3215, 3217 and 3219, to apportionment of seventy-five per cent of taxes collected by county from property within highway district under levy for redemption of unpaid county warrants, since such taxes are dedicated to redemption of warrants under Const., art. 7, sec. 15, and apportionment to highway districts would violate constitutional provisions.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover taxes. Judgment for defendants. *Affirmed.*

M. H. Eustace and Rice & Bicknell, for Appellant.

All road and bridge taxes levied and collected by the county within the limits of the highway district are required to be apportioned, seventy-five per cent to the highway district and twenty-five per cent to the county. (C. S., sec. 1529.)

Warrants issued for the payment of services in building or maintaining roads by the county, and which become delinquent constitute a charge upon the general county road and bridge fund.

Taxes collected and used for the redemption of delinquent road and bridge fund warrants are still road and bridge fund taxes, even though pretended to be levied for a different purpose and under a different name. (Const., art. 7, sec. 5; 1 Cooley on Taxation, 3d ed., 394.)

Publisher's Note.
See Constitutional Law, 12 C. J., sec. 41, p. 699, n. 68.
Highways, 29 C. J., sec. 513, p. 749, n. 82.
Taxation, 37 Cyc., p. 753, n. 11.

The constitutional requirement of uniformity in taxation forbids the imposition of a tax on one municipality or part of the state for the purpose of benefiting or raising money for another. (37 Cyc. 749 and citations; 1 Cooley on Taxation, 3d ed., 420.)

H. A. Griffiths, for Respondents.

"The board of county commissioners derives its power to levy taxes solely from the statute." (*Oregon Short Line R. R. Co. v. Gooding County*, 33 Ida. 452, 196 Pac. 196.)

"Moneys once in the warrant redemption fund can only be withdrawn or paid out of said fund for the redemption of warrants issued before the levy, and all warrants issued before such levy shall be paid exclusively out of the warrant redemption fund." (Const., art. 7, sec. 15; *Reinhart v. Canyon County*, 22 Ida. 348, 125 Pac. 791; *Independent Highway District v. Ada Co.*, 24 Ida. 416, 134 Pac. 542; *Laclede Highway District v. Bonner County*, 33 Ida. 476, 196 Pac. 196; 1927 Sess. Laws 32.)

BABCOCK, Commissioner.—This action was brought by the appellant, Golden Gate Highway District, in Canyon county, to recover from the county an amount equal to seventy-five per cent of the taxes collected on property within the district, and used by the county in redemption of outstanding warrants on the county road and bridge funds, said taxes being collected by reason of certain levies made by the board of commissioners of Canyon county for the redemption of outstanding county warrants. The complaint was filed November 9, 1925. The cause was submitted to the court on an agreed statement of facts, to the effect that the Golden Gate Highway District was created in Canyon county in June, 1916, and that subsequent to that time and in 1922 and 1923 a large percentage of the taxes assessed in Canyon county for road and bridge, and other purposes, had become delinquent, and that in anticipation of the collection of such delinquent taxes certain warrants were issued in Canyon county and remained un-

paid, there being no funds with which to pay them, a large percentage of which said warrants were issued by the county for the construction, maintenance and repair of bridges and highways outside of the Golden Gate Highway District; that in 1922, the board of county commissioners of Canyon county made a levy of ten cents on each $100 assessed valuation of the taxable property within the county for the redemption of such outstanding warrants, and in the year 1923, for the same purpose and upon the same property, made a levy of one dollar on each $100 valuation; that from the levy so made in 1922, and out of the amount so collected thereby on property situate in the highway district, the county had used on October 1, 1925, the sum of $1,246.15, for seventy-five per cent of which, or $934.61, appellant sues in the first cause of action. The said sum of $1,246.15 was used in the redemption of delinquent county road and bridge warrants. During the same time, and out of the amount collected by reason of the levy of 1923, on the same property and for the same purposes, the county used the sum of $9,530.81, for seventy-five per cent of which, or $7,148.11, appellant sues in the second cause of action.

The court found the issues for the defendants, and made findings of fact and conclusions of law, and entered judgment accordingly. This appeal is from the judgment.

The specifications of error are: (1) That the court erred in holding that the plaintiff was not entitled to recover seventy-five per cent of the proceeds of the warrant redemption levy made by Canyon county upon the property located within the highway district and used in the payment of delinquent county road and bridge warrants; (2) the court erred in rendering judgment for the defendants.

The constitution of this state contains the following provisions relative to the finances and revenue of counties;

Const., art. 7, sec. 15:

"The legislature shall provide by law, such a system of county finance, as shall cause the business of the several

counties to be conducted on a cash basis. It shall also provide that whenever any county shall have any warrants outstanding and unpaid, for the payment of which there are no funds in the county treasury, the county commissioners, in addition to other taxes provided by law, shall levy a special tax, not to exceed 10 mills on the dollar, of taxable property, as shown by the last preceding assessment, for the creation of a special fund for the redemption of said warrants; and after the levy of such special tax, all warrants issued before such levy, shall be paid exclusively out of said fund. All moneys in the county treasury at the end of each fiscal year, not needed for current expenses, shall be transferred to said redemption fund.''

Const., art. 7, sec. 14:

''No money shall be drawn from the county treasuries except upon the warrant of a duly authorized officer, in such manner and form as shall be prescribed by the legislature.''

Const., art. 7, sec. 16:

''The legislature shall pass all laws necessary to carry out the provisions of this article.''

The compiled statutes contain the following legislative enactments for carrying out these constitutional provisions:

C. S., sec. 3213:

''The board of county commissioners of each county in this state must levy annually upon all taxable property of said county a tax for general county purposes, . . . . ''

C. S., sec. 3214:

''Upon the same property and for the same year the said board must also levy a tax for general road purposes, . . . . ''

C. S., sec. 3215:

''Upon the same property and for the same year the board may also levy a tax for the repair and construction of bridges, . . . . ''

C. S., sec. 3217:

"Upon the same property and for the same year the said board must levy a tax for the redemption of outstanding county warrants issued prior to the second Monday of April in said year, to be collected and paid into the county treasury and apportioned to the county warrant redemption fund, which levy must be sufficient for the redemption of all such outstanding county warrants before the second Monday of April in the succeeding year, unless the amount of such outstanding warrants exceeds the amount that would be raised by a levy of 100 cents on each $100 of such assessed valuation, in which case the board must annually levy a tax of 100 cents on each $100 of such assessed valuation for the redemption of such outstanding warrants."

C. S., sec. 3219:

"All taxes levied in any year for the county current expense fund, county road fund and county bridge fund and collected on or after the second Monday of April in the succeeding year and any tax levied for any purpose and which is no longer needed for such purpose when collected must be paid into the county treasury and apportioned to the county warrant redemption fund, except as otherwise provided by law. All money in the county treasury on the second Monday in April to the credit of the county current expense fund, county road fund, county bridge fund or any other fund which is no longer needed must be transferred to the county warrant redemption fund upon the books of the county auditor and county treasurer by resolution of the board of county commissioners entered upon the records of the proceedings."

C. S., sec. 1529, provides that taxation for road and bridge purposes under the general laws shall be uniform within the limits of the territory, including without change or discrimination all territory within any highway district, and that in respect to the portion collected within a highway district, the same shall be paid and applied, seventy-five per cent to the highway district and twenty-five per cent to the county.

The contention of the appellant is that the retention of all the money collected by the county from the property within the highway district and used by the county for the redemption of county road and bridge warrants, amounts to double taxation and that the legislative intent upon proper construction of secs. 1529 and 3217, would require seventy-five per cent of the same to be apportioned and paid over to the highway district.

There is no question raised as to the right of the county commissioners to make the warrant redemption levies, nor to the legality and regularity of their acts in the assessment and collection of the same.

In the case of *Nampa Highway Dist. v. Canyon County*, 30 Ida. 446, 165 Pac. 1126, and also in *Reinhart v. Canyon County*, 22 Ida. 348, 125 Pac. 791, this court held that the board of county commissioners had the power and authority to levy and collect taxes against all the taxable property within the county, including that within a highway district, for the payment of bonds, the proceeds whereof have been used for the construction of bridges, within the county and without the boundaries of the district.

In the case of *Johnson v. Williams*, 153 Cal. 658, 95 Pac. 655, cited by this court with approval in *Independent Highway Dist. v. Ada County*, 24 Ida. 416, 430, 134 Pac. 542, that court said:

"It is undoubtedly within the power of the legislative department to authorize recourse by a county to its general fund, consisting almost entirely of taxes collected from all parts of the county, for work on its public roads and highways lying outside of the limits of its municipalities within the county, and our statutes show several instances of the exercise of this power, the validity of which has never been challenged."

The constitution has provided a method or system of taxation to enable county finances to be kept on a cash basis by requiring the levy of a warrant redemption tax upon the taxable property of the whole county for the pay-

ment of outstanding county warrants, and also by requiring the transfer of all moneys in the different funds in the county treasury at the end of the fiscal year to a warrant redemption fund for the same purpose.

To compel the application of such taxes or fund, or any part thereof, to the payment of any other claims, or an apportionment of the same to other taxing districts of the county, or the payment to a highway district of a sum equal to seventy-five per cent of the money collected by reason of such levy upon the taxable property within the highway district and used by the county in payment of outstanding county road and bridge warrants, would be to defeat the manifest purpose of the constitution and would impair the rights of the holders of such county warrants and the credit of the county.

[1] If the present method of allowing highway districts to levy taxes within the district, also the county to levy road and bridge taxes upon the taxable property of the whole county, and the method of the apportionment of the same to the highway district, in any way transcends or violates the provisions of the constitution as to a warrant redemption levy, the constitutional provisions will have to govern.

[2, 3] We are of the opinion that the retention of the money collected from the property within the highway district under the warrant redemption levy and used by the county in the redemption of outstanding unpaid county road and bridge warrants, did not amount to double taxation contrary to the provisions of art. 7, sec. 5 of the constitution, in that it was not a duplicate taxation of property for the same purpose during the same year, and that to construe C. S., sec. 1529, in connection with C. S., sec. 3217, so as to require the payment to the highway district of seventy-five per cent of such taxes so collected and used, would violate the provisions of art. 7, sec. 15 of the constitution whereby such tax is dedicated to the redemption of the outstanding unpaid warrants of the county.

---

---

We recommend that the judgment of the trial court be affirmed with costs to respondent.

Adair and Hartson, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondent.

Petition for rehearing denied.