(Nos. 6018 and 6018A.   February 15, 1934.)

OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant, v. WASHINGTON COUNTY, a Municipal Corporation, Being One of the Organized Counties of the State of Idaho, and GEORGE E. GILDEROY, Treasurer and *Ex-officio* Tax Collector of Said Washington County, Respondents.

[30 Pac. (2d) 198.]

George H. Smith and H. B. Thompson, for Appellant.

Herman Welker and George Donart, for Respondents.

GIVENS, J.—The commissioners of Washington County in September, 1931, pursuant to chapter 232, Session Laws 1927, amended by chapter 138, Session Laws 1929, which act and amendment was repealed by chapter 122, of the Session Laws for 1931, determined the budget for 1931, which included a levy for the current expense fund of 40 cents on each $100 of assessed valuation, the maximum amount permitted by sec. 61–803, I. C. A., on an assessed valuation in excess of $7,500,000.

Section 3, of the law as amended subdivided current expense into six heads:

"(1) Salaries and Wages; (2) Maintenance and Operation; (3) Capital Outlay; (4) Interest and Debt Redemption; (5) Miscellaneous and Charity; and (6) Expenditures Proposed to be Made from Bond Issues Not yet Authorized."

The board also levied 39 cents on each $100 of assessed valuation for the specific purpose of warrant redemption, pursuant to sec. 3217, Idaho Compiled Statutes, 1919. (Sec. 61–807, I. C. A.)

The appellant railroad admits the 40 cents levy for current expense is valid, but urges the 39 cents levy under sec. 61–807, I. C. A., is invalid to the extent of 76.86% thereof,

because levied to pay warrants issued subsequent to the second Monday of January, 1931, and prior to the second Monday in April, 1931, further that the budget law as amended fixed the beginning of the fiscal year as of the second Monday in January instead of the second Monday in April.

Appellant contends thus in its brief:

"It is our contention that construing the county finance law, including Section 3217, Idaho Compiled Statutes, as amended by the Budget Law, it is manifest, on the most elementary and obvious principles of statutory construction, that a levy could not lawfully be made under Section 3217, Idaho Compiled Statutes, to raise funds to retire the warrants and the same item be duplicated in the budget and covered by an additional levy. If two acts dealing with a common subject matter are necessarily inconsistent, the latter statute is deemed to impliedly repeal the earlier. (*Herrick v. Gallet*, 35 Ida. 13, 204 Pac. 477, 479.)"

If, of course the subsequent statute repealed the first then the levy could only be made under the later statute, if, however, it did not repeal the first, appellant's only argument against the levy under both is that the same would amount to duplicate taxation contrary to section 5, article 7, of the state Constitution and the provisions of sec. 3221, Idaho Compiled Statutes. (Repealed by chap. 232, Sess. Laws 1927.)

In *Humbird Lumber Co. v. Kootenai County*, 10 Ida. 490, 79 Pac. 396, where exactly the same situation obtained, except that the two levies were made for roads and highways, the court said:

"It must be conceded that the tax derived both from this general levy and the special levy is all collected for ultimately the same purpose; namely, the improvement of roads and highways, and the manner and method of collection in case of delinquency is the same for both the general and special levy, and both are made at the same time. It does not seem to us, however, that this constitutes duplicate taxation within the meaning of section 5, article 7 of the constitution. The prohibition contained in that section

against duplicate taxation was undoubtedly directed against the taxing of the same property twice during the same year for the same purpose, while other like and similar property is taxed only once during the same period for the same purpose. . . . . "

and held that, though the matter was not free from doubt, the same did not constitute duplicate taxation, and the authorities generally seem to support such construction (*Hettinger v. Good Road Dist. No. 1*, 19 Ida. 313, 113 Pac. 721; *Independent H. Dist. No. 2 v. Ada County*, 24 Ida. 416, 134 Pac. 542; *Golden Gate Highway Dist. v. Canyon County*, 45 Ida. 406, 262 Pac. 1048; *Campbell County v. City of Newport*, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791; 1 Cooley on Taxation, secs. 223 and 235; 61 C. J. 137 and 139, n. 31), though there are statements in the Constitutional Debates, Vol. II, pages 1736–1742, which seem rather to the contrary.

Following the authorities cited the overlapping levy does not constitute duplicate taxation, and no authorities are presented that such levy is invalid for any other legal reason.

The judgment of the trial court is therefore affirmed; costs awarded to respondents.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.